EASTMAN, GARDNER & CO. v. NEWMAN.

(Circuit Court of Appeals, Fifth Circuit. December 3, 1901.)

No. 1,090.

1. APPEAL—QUESTIONS PRESENTED BY RECORD.

An assignment of error, based on the refusal of the trial court to give a peremptory instruction for defendant, presents no question for consideration by the appellate court, where the record fails to show that any instruction was requested by defendant, and does not contain the charge given by the court.

2. SAME—REVIEW—RULING ON MOTION FOR NEW TRIAL.

The refusal to set aside a verdict and grant a new trial, because the verdict is contrary to the evidence, the law, or the instructions of the court, is not reviewable on a writ of error in the federal courts.

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

This case was tried in the court below on the following declaration:

"State of Mississippi, County of Jones. Alonzo Newman, a citizen of Jones county, Mississippi, by his attorneys, complains of Eastman, Gardner and Company, a corporation doing business in the state of Mississippi, for that whereas, the defendant, on the 9th day of February, 1898, in the town of Laurel, Jones county, Mississippi, was possessed of, using, and operating a certain mill in said town, county, and state, for the manufacture of lumber. Plaintiff charges that on the day and date, and in the county and state above mentioned, he was an employé of the said Eastman, Gardner and Company in the capacity of a day laborer, and it was his duty to ride on defendant's sawmill carriage in the sawmill above mentioned, for the purpose of sticking the 'dog' in the logs, as they rolled on said carriage, to be conveyed to the band saw, in said mill, operated in conjunction with said carriage, to be sawed into lumber, and it was also plaintiff's duty to otherwise assist in operating said carriage for the sawing of logs at said band saw, in said mill. And thereupon it became and was the duty of defendant, and defendant's superior officers, agents, and employés in charge of said mill, and of all persons having the right to control and direct the services of plaintiff in said mill, to use due care in its management, and due care in directing plaintiff's services and duties. Yet the defendant, through its superior officers in charge of said sawmill carriage, and those having the right to control and direct his servants on same, was recklessly, willfully, wantonly, and grossly negligent, and did not do its duty nor use due care in this behalf, but, on the contrary, while plaintiff, with all due care, caution, and diligence, was then and there attending to his aforesaid duties on said sawmill carriage, he was ordered several times by his superior, one Clark, the sawyer in charge of and operating said sawmill carriage and said band saw in said mill, upon which plaintiff was working, as aforesaid, to remove a plank which had got caught between said carriage and the live rollers, upon which the lumber is carried away from said band saw, but plaintiff each time, on account of the perilous undertaking, refused to remove said plank until said carriage, which was still in motion, was stopped. Said Clark then stopped said carriage, and said to plaintiff, in a rough and commanding tone, "Damn you, get that plank out, or get off the carriage;" whereupon plaintiff then and there, and while said carriage was standing still, with all due care, caution, and diligence, stepped off of said carriage, and removed said plank from the position before mentioned, and was then, with all due care, caution, and diligence, proceeding to return to his station aforesaid, and had grasped hold of the dog lever on said carriage for the purpose of stepping upon it (said carriage), and while in this position of extreme peril defendant, through the aforesaid Clark, the sawyer, who controlled and directed plaintiff's services on said carriage in said sawmill, without warning to plaintiff, did will-

fully, recklessly, wantonly, and through gross negligence, cause said carriage to be suddenly and violently started and moved toward the west, jerking plaintiff so suddenly and unexpectedly that he was thrown with great force and violence upon said carriage, which was then being propelled rapidly toward its western limit, hurling plaintiff's right leg against said band saw in passing it; said defendant, through said Clark, then suddenly and violently moved said carriage toward the east, hurling plaintiff's left leg against said band saw in passing it; by means whereof plaintiff's right leg was then and there sawed off below the knee, and his left leg was also nearly sawed in two below the knee, and he was otherwise hurt, wounded, and bruised, and by means of these premises plaintiff was sick and disordered for a long time, and was maimed for the balance of his natural life, and has suffered, and still suffers, the greatest mental and physical pain; to the damage of plaintiff in the sum of $18,000.00, and therefore he brings this suit, and demands of and from defendant judgment for the aforesaid sum, and costs of suit."

—And the following pleas thereto:

"And now comes the defendant, by its attorneys, and defends the wrong and injury, when," etc., "and says that it is not guilty of the said supposed grievances laid to its charge, or any or either of them, in the manner and form as the plaintiff hath in his declaration complained against it, and of this it puts itself upon the country." "And for further plea in this behalf the defendant says, action non, because it says that the injuries complained of by the plaintiff were the direct result of his own contributory negligence, and not of the negligence of the defendant, and this it is ready to verify." "And now comes the defendant, and defends the wrong and injury, then," etc., "and says: That it is not guilty of the grievances laid against it in plaintiff's declaration, or any part thereof, and of this it puts itself upon the country." "The plaintiff will take notice that defendant will offer evidence to show that plaintiff was guilty of contributory negligence, which was the cause of the injury complained of."

W. E. Baskin, for plaintiff in error.

R. E. Halsell, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). We find a bill of exceptions in the record covering some 70 printed pages, apparently giving a history of the case from impaneling the jury to the overruling of a motion for a new trial. While we find therein several objections noted to the introduction of evidence which were overruled, we fail to find therein any exceptions taken to such rulings; nor, in fact, from the beginning to the end of the bill of exceptions, do we find that the defendant below excepted to, or was dissatisfied with, any ruling of the court until after the verdict. After the verdict the bill of exceptions shows the following:

"The defendant moves the court to set aside the verdict of the jury in the above-stated cause for the following reasons, to wit: (1) The court erred in refusing to grant the peremptory instructions requested by the defendant. (2) The verdict of the jury was contrary to the law and the instructions of the court. (3) The verdict of the jury was contrary to the evidence. (4) Because the damages are excessive. Assignment of errors to accompany motion for new trial: (1) The court erred in refusing to grant the peremptory instructions asked by the defendant. (2) The court erred in refusing to set aside the verdict of the jury and to grant the defendant a new trial."

No assignment of errors, according to our rules, has been filed in this court, and the case has been argued as though such assign-

ment had been here filed, and also as though the record shows that the defendant below asked the court for a peremptory instruction for the defendant, because the undisputed evidence showed that Clark, who negligently handled the machinery, was a fellow servant with Newman, the plaintiff. The defendant below pleaded the general issue and contributory negligence. Conceding that, under the general issue, the defendant may invoke the fellow servant doctrine, still we are unable to find in the record that the matter was mentioned in the trial court, nor can we find that any time after jury sworn and before verdict rendered the defendant requested any instruction, peremptory or otherwise, on any ground whatever. The charge to the jury is not included in the record, and the presumption is that the trial judge charged the law correctly on all the points involved.

The refusal to set aside a verdict and grant a new trial, because the verdict is contrary to the evidence, the law, or the instructions of the court, is not reviewable on writ of error.

The declaration warrants the judgment, and the record shows no reversible error. Affirmed.